UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62197-CIV-SCOLA

ELEANOR DIXON-BUDGETT,

    Plaintiff,

vs.

HOWARD C. FORMAN, BROWARD
COUNTY CLERK OF COURTS,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on the Motion for Reconsideration of Order Denying Motion to Re-Open Case [ECF No. 57], filed by Plaintiff Eleanor Dixon-Budgett. As set forth below, the Plaintiff's Motion is denied.

**Background**

On February 12, 2011, Plaintiff filed suit against Defendant seeking damages arising out of Defendant's alleged failure to provide Plaintiff with procedural due process prior to termination of her employment. On June 19, 2012, the parties conducted a Court-ordered mediation conference. At the conclusion of the mediation conference, a settlement was reached and the parties entered into a Mediation Settlement Agreement, which was provided to the Court as an exhibit to Defendant's Response.

The Agreement required the parties to execute a Confidential Settlement Agreement and Release, and ultimately jointly dismiss this action. On June 26, 2012, Plaintiff filed a "Motion to Re-Open Case and Nullify Mediation Agreement" [ECF No. 53] on the basis that Plaintiff purportedly had been coerced to enter into the Agreement against her will. The motion in its entirety stated, "I am seeking to Re-Open the case and have the mediation Agreement nullified on the grounds of coercion and on the fact that I did not enter the agreement voluntarily."

While recognizing that coercion may be a basis for invalidating a settlement agreement under some circumstances, the Court denied [ECF No. 55] the motion because Plaintiff failed to present any argument or evidence to support her allegation that she was actually "coerced" into settlement at mediation. Plaintiff now seeks reconsideration, arguing that she is entitled to an evidentiary hearing to show that the settlement was coerced.

## Legal Standards

Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id*. "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

## Discussion

On reconsideration, Plaintiff argues that the Court should grant her an evidentiary hearing "so that she can present her proof of coercion." Mot. ¶ 2. Although it is not clear to the Court that Plaintiff would in any event be entitled to an evidentiary hearing under the circumstances present here, the Court finds that reconsideration must be denied for another reason. Plaintiff's Motion is, once again, bare bones and conclusory. Specifically, Plaintiff has not explained or shown what evidence she would put on at an evidentiary hearing to establish coercion. Without knowing the nature of the evidence, the Court is unable to determine if it is legally sufficient to justify further consideration or an evidentiary hearing.

In addition, Plaintiff has not attempted to explain why this evidence – whatever it is – should be considered now, when it was presumably available to her at the time of her prior motion. Nor does Plaintiff explain why she has still failed to tender it for the Court's consideration. As noted above, "[a] motion for reconsideration cannot be used to relitigate old matters, [or] raise argument or present evidence that could have been raised [earlier]." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.*

## Conclusion

For the reasons stated above, the Court finds that Plaintiff has not established that reconsideration is appropriate here. Accordingly, it is hereby **ORDERED and ADJUDGED** that the Plaintiff's Motion for Reconsideration [ECF No. 57] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on July 18, 2012.

_____
**HON. ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record
Eleanor Dixon-Budgett
  (Address of Record)